IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIDGE INSURANCE COMPANY : | |
| : | CIVIL ACTION NO. 02-4723 |
| vs. : | |
| CHRISTOPHER J. COSMOS : | |
| AND | |
| OLD GUARD INSURANCE COMPANY : | |

**DEFENDANT, CHRISTOPHER J. COSMAS' (INCORRECTLY IDENTIFIED AS CHRISTOPHER J. COSMOS), ANSWER TO PLAINTIFF'S COMPLAINT**

AND NOW, comes the Defendant, Christopher J. Comas (incorrectly identified as "Christopher J. Cosmos") by his attorneys, Stampone, D'Angelo & Renzi, P.C., and in response to Plaintiff's Complaint for Declaratory Judgment, avers as follows:

1. Admitted.

2. Denied. It is specifically denied that the Defendant, Christopher J. Cosmos, is an adult individual who resides at 108 Winfield Lane, New Hope, PA, 18938. Rather, at all times relevant thereto, Defendant, Christopher J. Cosmas, is an adult individual who resides at 108 Winfield Lane, New Hope, PA, 18938. Strict proof thereof is demanded.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

1

8. Admitted in part, denied in part. It is admitted that counsel for Defendant Cosmas advised the Plaintiff that he presented a UIM claim through his personal automobile insurance, Defendant, Old Guard Insurance Company, and that Old Guard had denied that claim. It is specifically denied, however, that the UIM limit is $200,000.00. Rather, at all times relevant thereto, the UIM limit is $300,000.00. Strict proof thereof is demanded.

9. Admitted.

10. Admitted in part, denied in part. It is admitted that the Blue Ridge policy issued to PNC Foods, Inc., has a UIM limit of $500,000.00. However, it is specifically denied that the Blue Ridge policy issued to PNC Foods, Inc., is coded for owned autos only. Strict proof thereof is demanded.

11. Admitted.

12. Denied. It is specifically denied that the validity of household exclusions such as the one contained in the Blue Ridge policy has been upheld by the Supreme Court of Pennsylvania in Eichelman v.Nationwide Insurance Company, 551 Pa. 558, 711 A.2d 1106 (1998). Rather, at all times relevant thereto, the validity of household exclusions such as the one contained in the Blue Ridge policy depends upon the particular factual circumstances to which the policy applies. By way of further answer, the Supreme Court in Eichelman held that a person who has voluntarily elected not to carry underinsured motorist coverage on his own vehicle is not entitled to recover UIM benefits from separate insurance policies with "household exclusion" language. In the present case, Defendant Cosmas elected to carry UIM coverage on his own vehicle; thus, Eichelman is not applicable to the present case. Strict proof thereof is demanded.

13. Denied. It is specifically denied that Defendant, Christopher J. Cosmas, is not an insured under the UIM coverage of the Blue Ridge policy issued to PNC Foods, Inc. Rather, at all times relevant thereto, Defendant Cosmas meets the definition of an "insured" under the policy, and therefore is entitled to UIM coverage. Strict proof thereof is demanded.

14. Denied. It is specifically denied that the household exclusion of the Blue Ridge policy precludes UIM coverage to Defendant Cosmas. Rather, at all times relevant thereto, the household exclusion of the Blue Ridge policy is, <u>inter</u> <u>alia</u>, void as against public policy, and thus, Defendant Cosmas is entitled to UIM coverage under the policy. Strict proof thereof is demanded.

15. Denied. The allegation in Paragraph 15 of Plaintiff's Complaint are directed to Defendants other than Cosmas and thus, no response is required. Strict proof thereof is demanded.

WHEREFORE, Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), requests judgment in his favor and against the Plaintiff, together with attorney's fees and the cost of defending this litigation.

## **AFFIRMATIVE DEFENSES**

16. Plaintiff's claim fails to state any cause of action against Answering Defendants upon which relief can be granted.

17. Plaintiff's claim is barred by the Statute of Limitations and/or Laches.

18. Plaintiff's claim is barred because of an express or implied contract and/or release.

19. Plaintiff's claim is because of statutory and/or common law.

20. Plaintiff's claims are barred because of the Doctrine of Single Controversy, Merger and Bar, Res Judicata and/or Collateral Estoppel.

21. Plaintiff's claims are barred by the appropriate provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act.

22. Plaintiff's claims are barred because of improper service of process.

23. Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

24. Plaintiff's claims are barred by the Doctrine of Waiver and/or Estoppel.

25. Plaintiff's claims are barred because the court lacks jurisdiction over the subject matter of this lawsuit.

26. Plaintiff's claims are barred because of improper venue.

WHEREFORE, Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), requests judgment in his favor and against the Plaintiff, together with attorney's fees and the cost of defending this litigation.

    Respectfully submitted,

    STAMPONE, D'ANGELO & RENZI, P.C.

    BY:_____
    RUDOLPH V. DE GEORGE, II, ESQUIRE
    Attorney I.D. No. 50402

    103 Township Line Road
    Jenkintown, PA 19046
    (215) 663-0400
    Attorney for Defendant

## **CERTIFICATION OF SERVICE**

RUDOLPH V. DE GEORGE, II, ESQUIRE, counsel for Defendant, deposes and says that on August 28, 2002 a copy of Defendant, Christopher J. Cosmas', Answer to Plaintiff's Complaint was sent by first class mail, postage prepaid, to:

>Daniel P. McDyer, Esquire
>ANSTANDIG, MCDYER, BURDETTE & YURCON, P.C.
>1300 Gulf Tower
>707 Grant Street
>Pittsburgh, PA  15219

STAMPONE, D'ANGELO & RENZI, P.C.

BY:_____
    RUDOLPH V. DE GEORGE, II, ESQUIRE
    Attorney for Defendant