**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BLUE RIDGE INSURANCE COMPANY :
                                    :
     v.                          :
                                    :     **CIVIL ACTION NO.: 02-CV-4723**
CHRISTOPHER J. COSMOS, and     :
OLD GUARD INSURANCE COMPANY :

**ANSWER AND CROSS-CLAIM OF DEFENDANT**
**OLD GUARD INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

1.     Denied.   After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within the corresponding paragraph of plaintiff's pleading.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Denied.   After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within the corresponding paragraph of plaintiff's pleading.

7.     Denied.   After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within the corresponding paragraph of plaintiff's pleading.

8.     Admitted in part/denied in part.  It is admitted that Old Guard has denied any UIM claim for the defendant Cosmos.  However, it is denied that the UIM limit for answering

defendant's policy is $200,000.  Rather, the policy of insurance issued by answering defendant included UIM coverage in the amount of $300,000.

9.      Denied.    After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within the corresponding paragraph of plaintiff's pleading.

10-14. Denied.    After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained within the corresponding paragraph of plaintiff's pleading.

15.     Denied.  This is a conclusion of law to which no further response is necessary.

## CROSS-CLAIM DIRECTED TO CO-DEFENDANT
## CHRISTOPHER J. COSMOS

16.     Old Guard Insurance Company (hereinafter "Old Guard") issued a personal automobile policy of insurance to Christopher Cosmas, which policy was, in effect, during applicable times.

17.     The aforesaid policy of insurance included UIM limits of $300,000 per accident.

18.     The UIM coverage under the Old Guard policy was issued on form PP0419(06/98).  A true and correct copy of the aforesaid form is attached hereto as Exhibit "A".

19.     Exclusion (A)(1) of the aforesaid UIM endorsement provides, as follows, in pertinent part:

> A.   We do not provide Underinsured Motorists Coverage for 'bodily injury' sustained:
>
> 1.   By you while 'occupying', or when struck by any motor vehicle you own which is not insured for this coverage under this policy.  This includes a trailer of any type used with that vehicle.

20.    Co-defendant Christopher Cosmos has made a claim for underinsured motorist coverage under the policy of insurance with Old Guard.

21.    Old Guard has denied that any coverage exists for the aforesaid accident based upon the aforesaid exclusion (A)(1).

## COUNT I

22.    Paragraphs 16 through 21 of answering defendant's cross-claim are incorporated herein and made a part hereof as though they were set forth at length herein.

23.    Counsel for the defendant has made a claim for UIM benefits for injuries sustained by the defendant as a result of the aforesaid accident.

24.    Exclusion (A)(1) of the UIM endorsement, which is also known as the "household exclusion", is designed to preclude UIM coverage when the named insured was operating a motor vehicle owned by the named insured, but not insured for UIM coverage under the Old Guard policy.

25.    The term "motor vehicle" utilized within the household exclusion includes a motorcycle, as noted under Section 102 of Title 75 of Pennsylvania Consolidated Statutes, and as found in Nationwide Mut. Ins. Co. v. Hampton, 935 F.2d 578 (3d Cir. 1991).

26.    The aforesaid household exclusion has been consistently found valid, as noted by Ridley v. State Farm Mut. Auto. Ins. Co., 745 A.2d 7 (Pa. Super. 1999).

27.    Accordingly, no UIM coverage can exist under the aforementioned Old Guard policy.

WHEREFORE, Old Guard, by and through its counsel, requests this Court to issue the following declarations:

1.    That Old Guard has no obligation to provide underinsured motorist benefits to the co-defendant, Christopher Cosmos, for the motor vehicle accident which took place on August 5, 2000; and

2.    for such other relief that this Court may deem appropriate.

**POST & SCHELL, P.C.**

_____
**ALLAN C. MOLOTSKY, ESQUIRE**
**ATTORNEY FOR DEFENDANT,**
**OLD GUARD INSURANCE**
**COMPANY**
**1800 JFK BOULEVARD**
**19TH FLOOR**
**PHILADELPHIA, PA  19103**
**(215) 587-1000**

**DATE:  SEPTEMBER 12, 2002**