IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLUE RIDGE INSURANCE COMPANY :

VS. : CIVIL ACTION NO.: 02-CV-4723

CHRISTOPHER J. COSMOS, and :
OLD GUARD INSURANCE COMPANY

**DEFENDANT, CHRISTOPHER J. COSMAS' (INCORRECTLY IDENTIFIED AS "CHRISTOPHER J. COSMOS") ANSWER TO CROSS CLAIM OF DEFENDANT, OLD GUARD INSURANCE COMPANY**

16. Admitted.

17. Admitted.

18. Denied. It is specifically denied that the UIM coverage under the Old Guard policy was issued on form PP0419(06/98). Rather, at all times relevant thereto, UIM coverage was provided under Old Guard Policy Number 010000029863 with a policy period from July 17, 2000 to January 17, 2001. A true and correct copy of the partial Old Guard policy is attached hereto as Exhibit "A".

19. Admitted.

20. Admitted.

21. Admitted.

## COUNT I

22. No response required.

23. Admitted.

24. Admitted in part, denied in part. It is admitted that Exclusion (A)(1) of the UIM

1

endorsement is designed to preclude UIM coverage when the named insured was operating a motor vehicle owned by the named insured, but not insured for UIM coverage under the Old Guard policy. However, it is specifically denied that Exclusion (A)(1) of the UIM endorsement precludes UIM coverage under this policy. By way of further answer, Exclusion (A)(1) is unclear and/or ambiguous; is void as against public policy; and thus, does not bar recovery of UIM benefits from the Old Guard policy. Strict proof thereof is demanded.

25. Denied. It is specifically denied that the term "motor vehicle" utilized within the household exclusion includes a motorcycle, as noted under Section 102 of Title 75 of Pennsylvania Consolidated Statutes, and as found in case law. Rather, at all times relevant hereto, the term "motor vehicle" utilized within the household exclusion does not include a motorcycle pursuant to the definition of "motor vehicle" under the Old Guard policy. Strict proof thereof is demanded.

26. Denied. It is specifically denied that the aforesaid household exclusion has been consistently found valid, as noted by <u>Ridley v. State Farm Mutual Auto Insurance Company</u>, 745 A.2d 7 (Pa. Super. 1999). Rather, at all times relevant thereto, the aforesaid household exclusion has been found void as against public policy. <u>Burstein v. Prudential Property & Casualty Insurance Company</u>, 1999 Pa. Super. 285 (1997). Strict proof thereof is demanded.

27. Denied. It is specifically denied that no UIM coverage can exist under the aforementioned Old Guard policy. Rather, at all times relevant thereto, UIM coverage exists under the aforementioned Old Guard policy because a motorcycle is not a "motor vehicle" as defined in the Old Guard policy; the UIM exclusion is unclear and ambiguous; and the UIM exclusion is void as against public policy. Strict proof thereof is demanded.

WHEREFORE, Defendant, Christopher Cosmas, respectfully requests that the

Cross-Claim of Defendant Old Guard Insurance Company be dismissed with prejudice.

                STAMPONE, D'ANGELO & RENZI


BY:_____
      RUDOLPH V. DE GEORGE, II, ESQUIRE
      Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BLUE RIDGE INSURANCE COMPANY:**

**VS.** : **CIVIL ACTION NO.: 02-CV-4723**

**CHRISTOPHER J. COSMOS, and** :
**OLD GUARD INSURANCE COMPANY**

## CERTIFICATION OF SERVICE

RUDOLPH V. DE GEORGE, II, ESQUIRE, attorney for Defendant, hereby certifies that service of a true and correct copy of the within Answer to Cross Claim was made to the counsel below named by United States Mail, postage prepaid:

Allan C. Molotsky, Esquire
1800 JFK Boulevard
19th Floor
Philadelphia, PA 19103

STAMPONE, D'ANGELO & RENZI, P.C.

BY:_____
RUDOLPH V. DE GEORGE, II ESQUIRE
Attorney for Plaintiff

Dated:_____

4