IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | <u>JURY</u> <u>TRIAL</u> <u>DEMANDED</u> |

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2003, after consideration of Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), Motion for Summary Judgment and any response thereto, it is hereby ORDERED and DECREED that Defendant, Cosmas', Motion for Summary Judgment is GRANTED, and that Defendant, Cosmas, is eligible for underinsured motorist benefits under the Blue Ridge policy.

BY THE COURT:

_____
                                                                    J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| CHRISTOPHER J. COSMOS, and OLD GUARD INSURANCE COMPANY, | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## DEFENDANT, CHRISTOPHER J. COSMAS (INCORRECTLY IDENTIFIED AS CHRISTOPHER J. COSMOS), MOTION FOR SUMMARY JUDGMENT

AND NOW comes the Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), hereinafter referred to as "Cosmas", by and through his attorneys, Stampone, D'Angelo & Renzi, P.C., and hereby moves this Honorable Court for Summary Judgment, and in support thereof, avers as follows:

1. On or about August 5, 2000, Defendant, Christopher Cosmas, asserts that he was operating a motorcycle owned by him when he was injured by a pickup truck operated by Andrew Leeper. See Police Report, a true and correct copy of which is attached hereto as Exhibit "A".

2. Liberty Mutual Insurance Company, as liability insurer of Andrew Leeper, has tendered its policy limit of $100,000.00 to Defendant Cosmas.

3. Christopher Cosmas has a policy of insurance on his motorcycle with Dairyland Insurance Company, which has an Underinsured Motorist (hereinafter "UIM") limit of $100,000.00.

4. Dairyland Insurance Company, as primary UIM insurer for Christopher Cosmas, has tendered its policy limit of $100,000.00 to Defendant Cosmas.

5. Defendant Cosmas presented an excess UIM claim to his personal automobile insurance carrier, Old Guard Insurance Company (hereinafter "Old Guard").

6. Old Guard issued a policy of automobile insurance to Cosmas under policy 010000029863 with a policy period running from July 17, 2000 through January 17, 2001. A true and correct copy of the Old Guard policy is attached as Exhibit "B".

7. The aforesaid policy of insurance contains UIM coverage with a limit of $300,000. See Exhibit "B".

8. Only one vehicle is listed on the Declarations page of the Old Guard policy. See Exhibit "B".

9. The Old Guard policy attached as Exhibit "B" includes the UIM endorsement written on the form PP0419(06/18) which contains the following exclusion:

> A. We do not provide Underinsured Motorist Coverage for 'bodily injury' sustained:
>
> 1. By you while 'occupying', or when struck by any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

10. Defendant Cosmas was CEO of P&C Foods, Inc., and American Seafood and Meat Co., Inc., at the time of the accident.

11. Defendant Cosmas presented an excess UIM claim to the insurance carrier for P&C Foods, Inc., and American Seafood and Meat Co., Inc., Blue Ridge Insurance Company (hereinafter "Blue Ridge").

12. Blue Ridge issued a policy of automobile insurance to P&C Foods, Inc., and American Seafood and Meat Co., Inc., under Policy Number BA005305 with a policy

period running from July 8, 2000 to July 8, 2001.  A true and correct copy of the Blue Ridge policy is attached as Exhibit "C".

13. The Blue Ridge policy has a UIM limit of $500,000 and is coded for "6 = Owned 'Autos' Subject To A Compulsory Uninsured Motorist Law.

14. The Blue Ridge policy's UIM endorsement CA 21 93 11 98 provides:

> "B. WHO IS AN INSURED
>
> 1. You.
>
> 2. If you are an individual, any "family member."
>
> 3. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle." The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured.""

15. The Blue Ridge policy's UIM endorsement CA 21 93 11 98 contains the following exclusion:

> C. EXCLUSIONS
>
> "This insurance does not apply to any of the following:
>             .   .   .
>
> 4. "Bodily injury" sustained by:
>
> > a. You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;"

16. Defendant, Cosmas, is an "insured" under the Blue Ridge policy.

17. The aforementioned exclusion in the Blue Ridge policy is void and unenforceable as against public policy.

18. Based on the foregoing, Defendant, Cosmas, is eligible for underinsured motorist benefits under the Blue Ridge policy.

WHEREFORE, Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), hereby moves this Honorable Court to grant Summary Judgment in his favor and against Plaintiff, Blue Ridge Insurance Company. Defendant, Cosmas, relies on the foregoing Motion, and his Brief in Support of the Motion for Summary Judgment.

        Respectfully submitted,

        STAMPONE, D'ANGELO & RENZI, P.C.

BY:_____
        RUDOLPH V. DE GEORGE, II, ESQUIRE
        Attorney for Defendant
        Attorney I.D. No. 50402
        103 Township Line Road
        Jenkintown, PA 19046
        (215) 663-0400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANT, CHRISTOPHER J. COSMAS
(INCORRECTLY IDENTIFIED AS CHRISTOPHER J. COSMOS),
MOTION FOR SUMMARY JUDGMENT**

**I.   STANDARD OF REVIEW:**

    **A.   SUMMARY JUDGMENT:**

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(c).  In resisting a motion for summary judgment, the non-moving party may not rely on mere allegations or denials contained in its pleadings or briefs, and must come forward with specific facts showing the presence of the issue of the genuine issue of material fact for trial and significant probative supporting the allegation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L.Ed. 2nd 202 (1986).  When the resolution of issues depends wholly upon the interpretation of specific statutory language and the applicable law, summary judgment is appropriate.  DiBiase v. Smith Kline Beecham Corp., 48 F.3d 719, 724 (3rd Circuit), cert. denied ____ U.S. ____, 116 S. Ct. 306, 133 L.Ed. 2nd 210 (1995).

II.     **FACTS:**

On or about August 5, 2000, Defendant, Cosmas, was operating a motorcycle owned by him when he was injured by a pickup truck operated by Andrew Leeper.  Stipulation of Facts, Paragraph 1.  After the accident, Cosmas recovered the policy limit of $100,000.00 from Mr. Leeper's insurance carrier.  Stipulation of Facts, Paragraph 2.  Cosmas was not, however, fully compensated for his injuries, because the liability limits of Leeper's insurance policy proved inadequate.  As such, Cosmas submitted a claim for underinsured motorist (UIM) coverage under a policy of insurance purchased by Cosmas (named insured: Cosmas) with Dairyland Insurance Company which has a UIM limit of $100,000.00.  Stipulation of Facts, Paragraph 3.  Dairyland Insurance Company, as primary UIM insurer for Cosmas, tendered its policy limit of $100,000.00 to Cosmas.  Stipulation of Facts, Paragraph 4.  However, and because tender of the aforementioned policy limits did not fully compensate Cosmas for his injuries, Cosmas presented an excess UIM claim to his personal automobile insurance carrier, Old Guard Insurance Company.  Stipulation of Facts, Paragraph 5.  The Old Guard policy of insurance contains UIM coverage with a limit of $300,000.00.  Stipulation of Facts, Paragraph 7.  In addition, and again because of a lack of full compensation for his injuries, Cosmas submitted a claim for excess UIM coverage to Blue Ridge Insurance Company, which insured P&C Foods, Inc. and American Seafood & Meat Company, Inc., under a commercial motor vehicle insurance policy.  Stipulation of Facts, Paragraphs 11-12.  At the time of the accident, Cosmas was CEO of P&C Foods, Inc. and American Seafood & Meat Company, Inc.  Stipulation of Facts, Paragraph 10.  The Blue Ridge policy has a UIM limit of $500,000.00.  Stipulation of Facts, Paragraph 13.

Thereafter, Blue Ridge filed a Civil Action Complaint in this Court, moving for declaratory judgment.  In support thereof, Blue Ridge alleges that Cosmas is not an insured

under the UIM coverage of the Blue Ridge policy issued to P&C Foods, Inc. and American Seafood & Meat Company, Inc. In the alternative, Blue Ridge argues that even if Cosmas is determined to be an insured, the "household" exclusion of the Blue Ridge policy precludes UIM coverage to Defendant Cosmas.

**III.    ARGUMENT:**

    **A.    COSMAS IS AN INSURED UNDER THE UIM COVERAGE OF THE BLUE RIDGE POLICY**

Under the Blue Ridge policy, Blue Ridge will pay all sums an "insured" is legally entitled to recover as compensatory damages from the owner or driver of a "underinsured motor vehicle". Stipulation of Facts (SF), Exhibit "C", Pennsylvania Underinsured Motorist Coverage – "Non-Stacked", Page 1. The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." Id. The owner's or driver's liability for these damages must result from the ownership, maintenance of use of a "underinsured motor vehicle." Id.

The policy defines an "insured" in the following manner:

1. You.
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss", or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

In addition, the policy indicates that the words "you" and "your" refers to the named insured shown in the declarations. SF, Exhibit "C", Business Auto Coverage Form, page 1. Section IV of Business Auto Conditions in the policy requires that in the event of an accident, claim, suit, or loss, *you* must give Blue Ridge or their authorized representative prompt notice of the accident or loss. Exhibit "C", Section IV, Business Auto Conditions (A)(2)(a) (emphasis supplied). However, an amendment to the policy changed the duties in the event of an accident,

claim, suit, or loss. The amendment indicates that "the requirement in loss conditions 2.a.-Duties in the Event of Accident, Claim, Suit or Loss – of Section IV – Business Auto Conditions, that *you* must notify us of an accident applies only when the accident is known to:

1. You, if you are an individual.
2. Partner, if you are a partnership; or
3. An executive officer or insurance manager, if you are a corporation.

SF, Exhibit "C", Commercial Automobile Enhancement Endorsement – Pennsylvania at page 2 (emphasis supplied). Thus, given this Amendment, Cosmas submits that references to "you" in the policy refers to not only the named insured, but an individual; a partner, if "you" are a partnership; or an executive officer or insurance manager, if "you" are a corporation. In the Stipulation of Facts, it is agreed by both parties that Cosmas was CEO of the named corporations insured at the time of the accident. Thus, Cosmas submits that he is an "insured" under the policy.

    **B.    THE "HOUSEHOLD" EXCLUSION IS VOID AND UNENFORCEABLE AS AGAINST PUBLIC POLICY.**

The courts determine Pennsylvania's public policy by reference to the laws of legal precedence. Guardian Life Insurance Company v. Zerance, 479 A.2d 949 (1984). A court may proclaim itself to be the voice of the public only when a given policy is so obviously for or against the public health, safety, morals, or welfare that there is a virtual unanimity of opinion in regard to it. Mamlin v. Genoe, 17 A.2d 407 (1941).

The Motor Vehicle Financial Responsibility Law (MVFRL) was enacted in order to establish a liberal compensatory scheme of underinsured motorist protection. Marroquin v. Mutual Benefit Insurance Company, 591 A.2d 290, 293 (Pa. Super. 1991), and should be construed to provide the greatest possible coverage to injured claimants. Danko v. Erie Insurance Exchange, 630 A.2d 1219 (Pa. Super. 1993), affirmed 538 Pa. 572, 649 A.2d 935

(1994). In close or doubtful cases, the court must interpret the intent of the legislature and the language of insurance policies to favor coverage for the insured. Allwein v. Donegal Mutual Insurance Company, 671 A.2d 744 (Pa. Super), (en banc), appeal denied, 546 Pa. 660, 685 A.2d 541 (1996).

Accordingly, one purchases UIM to protect oneself from drivers whose liability insurance purchasing decisions are beyond one's control. Paylor v. Hartford Insurance Company, 640 A.2d 1234 (1994). UIM is meant to protect individuals injured by a tortfeasor with inadequate insurance coverage. Kmonk-Sullivan v. State Farm Mutual Automobile Insurance Company, 746 A.2d 1118 (Pa. Super. 1999) (en banc), appeal granted, 771 A.2d 1285 (2001). In addition, it is in the public's best interest for insurance companies to provide underinsured motorist coverage. Marroquin, supra, at 296. Cosmas is precisely the type of individual who UIM coverage was designed to protect – individuals injured by a tortfeasor with inadequate insurance coverage.

Finally, and most importantly, UIM coverage is first party coverage and therefore necessarily follows the person, not the vehicle. Wolgemeth v. Harleysville Mutual Insurance Company, 535 A.2d 1145 (Pa. Super) (en banc), appeal denied, 520 Pa. 590, 551 A.2d 216 (1988). If an individual purchases UIM coverage, that individual will be protected from negligent drivers with inadequate coverage regardless of the vehicle in which he or she happens to be injured. The statutory language of the MVFRL clearly contemplates a situation in which an insurance company will be required to provide UIM coverage for an insured who is injured while using the vehicle and not covered under one of its policies. When an individual is injured in a motor vehicle accident, the tortfeasor's insurance carrier must compensate that individual for his or her injuries. See generally 75 Pa. C.S. Section 1701-1799.7. Where the insured is covered

by more than one policy providing underinsured motorist coverage, however, the MVFRL specifically states that the policy covering the motor vehicle involved in the accident must pay first, followed by the "policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured." 75 Pa. C.S. Section 1733(a)(2). In fact, the Blue Ridge policy has a provision consistent with the requirement of 75 Pa. C.S. Section 1733(a)(2), stating the following:

> …3. OTHER INSURANCE in the Business Auto and Garage Coverage Forms and OTHER INSURANCE – PRIMARY AND EXCESS INSURANCE PROVISIONS in the Truckers and Motor Carrier Coverage Forms is replaced by the following: (a) If there is other applicable similar insurance available under more than one Coverage form or policy, the following priorities of recovery apply:
>
> First – The Underinsured Motorist Coverage applicable to the vehicle the "insured" was "occupying" at the time of the accident.
>
> Second – The Coverage Form or policy affording Underinsured Motorist Coverage to the "insured" as a named insured or family member.

The enforceability of the "household" exclusion is dependent upon the factual circumstances presented in each case. See Paylor, supra. at 587, 640 A.2d at 1240. In the present case, voiding the "household" exclusion furthers the aforementioned public policies by providing the greatest possible coverage to Cosmas, by compensating him for injuries caused by a tortfeasor who had inadequate coverage, and by allowing him to recover UIM coverage that was specifically paid for under the policy with Blue Ridge. Cosmas was not trying to avoid his responsibility of purchasing insurance or to deceive his insurance company into providing coverage not bargained for. UIM coverage was <u>required</u> for the vehicles named in the Blue Ridge policy. SF, Paragraph 13; Exhibit "C", Business Auto Coverage form, page 1. Cosmas acted in full accordance with the MVFRL, obtaining both liability and UIM coverage on all of the vehicles that are owned

both by Cosmas individually, and by P&C Foods, Inc. and American Seafood & Meat Company, Inc.

In conclusion, Cosmas submits that, given his compliance with both the letter and spirit of the MVFRL, the purchase of UIM coverage on all of his individual and corporation vehicles supports the public policy in favor of voiding the exclusion, which supercedes any which favor upholding it. Cosmas respectfully requests that this Honorable Court find that based on the foregoing circumstances, the "household" exclusion is void and unenforceable as against public policy.

    Respectfully submitted,

    STAMPONE, D'ANGELO & RENZI, P.C.


    BY:_____
        RUDOLPH V. DE GEORGE, II, ESQUIRE
        Attorney for Defendant
        Attorney I.D. #50402
        103 Township Line Road
        Jenkintown, PA  19046
        (215) 663-0400

## **VERIFICATION**

RUDOLPH V. DE GEORGE, II, ESQUIRE, states that he is the attorney for the Defendant herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____
RUDOLPH V. DE GEORGE, II, ESQUIRE
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| CHRISTOPHER J. COSMOS, and OLD GUARD INSURANCE COMPANY, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## CERTIFICATION OF SERVICE

RUDOLPH V. DE GEORGE, II, ESQUIRE, counsel for Defendant, deposes and says that on January 15, 2003, a copy of the foregoing Motion for Summary Judgment was sent by first class mail, postage prepaid, to:

    Allan C. Molotsky, Esquire
    POST & SCHELL
    1800 John F. Kennedy Boulevard
    Philadelphia, PA 19103-7480

    Timothy Burdette, Esquire
    ANSTANDIG, MCDYER, BURDETTE & YURCON
    Gulf Tower Suite 1300
    707 Grant Street
    Pittsburgh, PA 15219-1911

                        STAMPONE, D'ANGELO & RENZI, P.C.

                        BY:_____
                            RUDOLPH V. DE GEORGE, II, ESQUIRE
                            Attorney for Defendant