IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLUE RIDGE INSURANCE COMPANY : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO.: 02-CV-4723 |
| CHRISTOPHER J. COSMOS, and : | |
| OLD GUARD INSURANCE COMPANY : | |

**DEFENDANT, OLD GUARD INSURANCE COMPANY'S,
MOTION FOR SUMMARY JUDGMENT**

Defendant, Old Guard Insurance Company ("Old Guard"), by and through its counsel, Post & Schell, P.,C., hereby moves this Honorable Court for summary judgment, and in support thereof avers as follows:

**I.    FACTUAL AND PROCEDURAL HISTORY**

1.    On or about July 17, 2002, Plaintiff initiated the instant declaratory judgment action against Christopher Cosmas[1] and Old Guard.  See plaintiff's complaint, attached as Exhibit "1."

2.    Old Guard was served with the complaint.  Thereafter, on or about, September 13, 2002, Old Guard filed an Answer to plaintiff's complaint with a Cross-claim for declaratory judgment against defendant, Cosmas.  See Old Guard's Answer with Cross-claim, attached as Exhibit "2."

3.    The parties have executed a Stipulation of Facts pertinent to the instant action. See Stipulation of Facts, attached as Exhibit "3."

---

[1] Christopher Cosmas was improperly identified in the caption as Christopher "Cosmos." All references throughout this Motion and the Supporting Memorandum of Law will be to Christopher Cosmas, and are to be understood to refer to that defendant.

- 1 -

4. On or about August 5, 2000, defendant, Christopher Cosmas, asserts that he was operating a motorcycle owned by him when he was injured by a pick-up truck operated by Andrew Leeper. See Exhibit "3," at ¶1.

5. Liberty Mutual Insurance Company, as liability insurer of Andrew Leeper, tendered its policy limit of $100,000.00 to Defendant Cosmas. See Exhibit "3," at ¶2.

6. Defendant Cosmas insured his motorcycle through a policy of insurance issued by Dairyland Insurance Company. Said policy carries Underinsured Motorist (hereinafter "UIM") limits of $100,000.00. See Exhibit "3," at ¶3. Dairlyland has tendered its UIM limits to Cosmas. See Exhibit "3," at ¶4.

7. Old Guard issued a policy of personal automobile insurance to Cosmas under policy 010000029863 with a policy period running from July 17, 2000 through January 17, 2001. See Exhibit "3," at ¶6; see also Old Guard policy of insurance attached to Exhibit "3" as Exhibit "B."

8. Defendant Cosmas has presented a UIM claim to Old Guard under the aforementioned personal automobile policy. See Exhibit "3," at ¶5.

9. The aforesaid policy of insurance contains UIM coverage with a limit of $300,000. See Exhibit "3," at ¶7; see also Exhibit "3," at Exhibit "B."

10. Only one vehicle, a 1996 BMW, is listed on the Declarations page of the Old Guard policy. See Exhibit "3," at ¶8; see also Exhibit "3," at Exhibit "B."

11. The Old Guard policy includes UIM coverage written on form PP0419(06/98) which contains the following exclusion:

    A. We do not provide Underinsured Motorist Coverage for 'bodily injury' sustained:

> 1. By you while 'occupying', or when struck by any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

See Exhibit "3," ¶9; see also Exhibit "3," at Exhibit "B."

12. In addition, Cosmas has also filed a claim for UIM coverage under a policy of insurance issued by Blue Ridge Insurance Company ("Blue Ridge") to P&C Foods, Inc., and American Seafood and Meat, Inc. (collectively referred to as "P&C Foods"). See Exhibit "3," at ¶11. Cosmas was the CEO of P&C Foods at the time of the accident. See Exhibit "3," at ¶10.

13. Blue Ridge claims that it is not required to provide UIM coverage to Cosmas because he does not qualify as an insured under the P&C Foods policy. See Exhibit "3," at ¶14, 16.

14. In the alternative, Blue Ridge claims that it does not owe coverage to Cosmas under an exclusion contained in endorsement CA 21 93 11 98 of its policy, providing that the insurance does not apply to claims of bodily injury sustained by: "You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form." See Exhibit "3," at ¶15, 17.

## II. STANDARD OF REVIEW

15. Paragraphs 1 through 14 are incorporated by reference as though set forth at length.

16. The Federal Rules of Civil Procedure provide that a party is entitled to summary judgment [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

17. A fact is deemed material if it might effect the outcome of the lawsuit under the governing substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Additionally, a dispute over material fact must be "genuine."  <u>Id.</u>

18. When a moving party has met its burden under Rule 56, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

19. The nonmoving party must then "present <u>affirmative evidence</u> in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings."  <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989).

20. Summary judgment must be entered in favor of the moving party "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, 475 U.S. at 586-87.

**III.  LEGAL ARGUMENTS**

21. Paragraphs 1 through 20 are incorporated by reference as though set forth at length.

22. The UIM exclusion contained in the Old Guard policy, quoted above, sometimes referred to as the "household exclusion," clearly and unambiguously establishes that UIM coverage is not provided under the circumstances of this case.

23. At the time of the accident, Cosmas was operating the motorcycle he owns, which he does not insure under the Old Guard insurance policy, but which he chose to insure under a separate and distinct policy issued by another insurance company.

24. The "household exclusion" has been consistently upheld as valid and enforceable by both Pennsylvania state courts and federal courts applying Pennsylvania law. See: Shelby Cas. Ins. Co. v. Statham, 2001 U.S. Dist. LEXIS (E.D.Pa. Aug. 24, 2001); Liberty Mutual Insurance Co. v. Wark, 2000 U.S. Dist. LEXIS 15175 (E.D. Pa. 2000); Nationwide Insurance Co. v. Ridder, 2000 U.S. Dist. LEXIS 10244 (E.D. PA. 2000); Troebs v. Nationwide Ins. Co., 1999 U.S. Dist. LEXIS 508 (E.D. PA. 1999); Prudential Prop. and Cas. Ins. Co. v. Colbert, 2002 Pa. LEXIS 3122 (Pa. Dec. 31, 2002); Burstein v. Prudential Prop. and Cas. Ins. Co., 809 A.2d 204 (Pa. 2002); Eichelman v. Nationwide Ins. Co., 711 A.2d 1006 (Pa. 1998); Paylor v. Hartford, 640 A.2d 1234 (Pa. 1994); Old Guard Ins. Co. v. Houck, 801 A.2d 559 (Pa.Super. 2002).

25. "While enforceability of the exclusion is dependent upon the factual circumstances presented in each case, [the household exclusion] has been upheld in nearly all of the cases in which it has been considered." Nationwide Mutual Ins. Co. v. Ridder, at *7.

26. One of the stated purposes of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1701, et. seq., is to stop the ever increasing rise in insurance premiums in Pennsylvania. Troebs v. Nationwide Insurance Co., at *12.

27. This purpose is furthered by allowing the household exclusion to stand where an individual who insures a vehicle involved in an accident with an underinsured motorist under one policy, recovers the limits of underinsured motorist protection under said policy and then attempts to recover underinsured motorist benefits under a separate policy under which he is insured. See: Troebs, supra; Paylor v. Hartford Ins. Co., 640 A.2d 1234 (Pa. 1994).

34. Cosmas purchased UIM coverage on his motorcycle in a specific amount of his choosing. Cosmas could have opted for a higher limit of UIM coverage on his motorcycle, but chose not to. What he essentially seeks to do now is to use the UIM benefits available under the Old Guard policy to compensate for his failure to purchase adequate UIM protection for his motorcycle. This is contrary to the fundamental purposes for which the MVFRL was enacted and the public policy of Pennsylvania. See: Shelby Cas. Ins. Co. v. Statham, supra; Troebs v. Nationwide Ins. Co., supra; Eichelman v. Nationwide Ins. Co., supra; Prudential Prop. and Cas. Ins. Co. v. Colbert, supra; Burstein v. Prudential Prop. and Cas. Ins. Co., supra; Paylor v. Hartford Ins. Co., supra.

35. Thus, it is well settled that the language used in the household exclusion at issue is plain and unambiguous and does not offend public policy. As a result, the exclusion in question is valid and enforceable. See Shelby Ins. Co. v. Statham, supra.

36. The fact that Cosmas was operating a motorcycle at the time of the accident has no bearing on the applicability of the household exclusion, as the term "motor vehicle" includes a motorcycle. See 75 Pa.C.S. §102; see also Nationwide Mut. Ins. Co. v. Hampton, 935 F.2d 587 (3d Cir. 1991); Pennland Ins. Co. v. Thomas, 34 Phila. 398, 1997 Phila. Cty. Rptr. LEXIS 85 (1997).

37. Accordingly, Old Guard is not obligated to provide UIM coverage to Cosmas under the facts particular to the instant matter.

WHEREFORE, defendant, Old Guard Insurance Company, respectfully requests this Honorable Court to enter the attached order granting this Motion for Summary Judgment and declaring that Old Guard Insurance Company has no obligation to provide underinsured motorist coverage to Defendant, Cosmas, for the motor vehicle accident of August 5, 2000.

**Respectfully Submitted,**

**POST & SCHELL, P.C.**

By: _____
ALLAN C. MOLOTSKY, ESQUIRE
I.D. No.: 28923
TRACEY N. KILCULLEN, ESQUIRE
I.D. No.: 84006
Attorneys for Plaintiff,
Shelby Casualty Insurance Company
1800 J.F.K. Blvd.
19th Floor
DATE:_____                Philadelphia, PA 19103