IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | <u>JURY</u> <u>TRIAL</u> <u>DEMANDED</u> |

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2003, it is hereby ORDERED AND DECREED that Defendant, Old Guard Insurance Company's, Motion for Summary Judgment is DENIED.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**DEFENDANT, CHRISTOPHER J. COSMAS (INCORRECTLY IDENTIFIED AS CHRISTOPHER J. COSMOS), RESPONSE TO DEFENDANT, OLD GUARD INSURANCE COMPANY'S, MOTION FOR SUMMARY JUDGMENT**

AND NOW comes the Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), hereinafter "Cosmas", by his attorneys, Stampone, D'Angelo & Renzi, P.C., and, in response to Defendant, Old Guard Insurance Company's, (hereinafter "Old Guard") Motion for Summary Judgment, avers as follows:

**I.   FACTUAL AND PROCEDURAL HISTORY:**

1-14.   Admitted.

**II.   STANDARD OF REVIEW:**

15.   No response required.

16-20.   Admitted.

**III.   LEGAL ARGUMENTS:**

21.   No response required.

22.   Denied. It is specifically denied that the UIM exclusion contained in the Old Guard policy clearly and unambiguously establishes that UIM coverage is not provided under the

circumstances of this case. Rather, at all times relevant thereto, the UIM exclusion contained in the Old Guard policy is void and unenforceable as against public policy.

  23. Admitted.

  24. Admitted in part, denied in part. It is admitted that the "household exclusion" has been upheld and found unenforceable by both Pennsylvania state courts and federal courts applying Pennsylvania law. However, it is specifically denied that the "household exclusion" as stated in the Old Guard policy is valid and enforceable. Rather, at all times relevant thereto, the factual circumstances presented in the case sub judice require the conclusion that the Old Guard exclusion is void and unenforceable as against public policy.

  25-27. Admitted.

  28. Admitted in part, denied in part. It is admitted that Cosmas purchased UIM coverage on his motorcycle in a specific amount of his choosing. It is denied that Cosmas could have opted for a higher limit of UIM coverage on his motorcycle, but chose not to. It is denied that Cosmas seeks to use the UIM benefits available under the Old Guard policy to compensate for his failure to purchase adequate UIM protection for his motorcycle. Rather, at all times relevant thereto, Cosmas purchased the maximum coverage under the motorcycle policy. In addition, UIM coverage is first party coverage and therefore necessarily follows the person, not the vehicle. Wolgemeth v. Harleysville Mutual Insurance Company, 535 A.2d 1145 (Pa. Super.) (en banc), appeal denied, 520 Pa. 590, 551 A.2d 216 (1998). By way of further answer, if an individual purchases UIM coverage, that individual will be protected from negligent drivers with inadequate coverage regardless of the vehicle in which he or she happens to be injured. See generally, 75 Pa. C.S. Section 1701-1799.7. By way of further answer, the statutory language of the MVFRL clearly contemplates a situation in which an insurance company will be required to

provide UIM coverage for an insured who is injured while using the vehicle and not covered under one of its policies. Id. When an individual is injured in a motor vehicle accident, the tortfeasor's insurance carrier must compensate that individual for his or her injuries. Id.

29. \*\*\*

30. \*\*\*

31. \*\*\*

32. \*\*\*

33. \*\*\*

34. \*\*\*

35. Denied. It is specifically denied that it is well settled that the language used in the household exclusion at issue is plain and unambiguous and does not offend public policy, and as a result, the exclusion in question is valid and enforceable. Rather, at all times relevant thereto, the enforceability of the exclusion is dependent upon the factual circumstances presented in each case. Taylor v. Hartford, 648 A.2d 1234 (Pa. 1994). In the present case, voiding the exclusion furthers public policy by providing the greatest possible coverage to Cosmas, by compensating him for injuries caused by a tortfeasor who had inadequate coverage, and by allowing him to recover UIM coverage that was specifically paid for under the policy with Old Guard. By way of further answer, Cosmas acted in full accordance with the MVFRL, paying both liability and UIM coverage on all of the vehicles for which he is an insured.

36. Admitted.

37. Denied. It is specifically denied that Old Guard is not obligated to provide UIM coverage to Cosmas under the facts particular to the instant matter. Rather, at all times relevant

thereto, Old Guard is obligated to provide UIM coverage to Cosmas because the "household" exclusion which would preclude coverage is void and unenforceable as against public policy.

WHEREFORE, Defendant, Christopher J. Cosmas, respectfully requests that Defendant, Old Guard Insurance Company's, Motion for Summary Judgment be DENIED.

    Respectfully submitted,

    STAMPONE, D'ANGELO & RENZI, P.C.

    BY:_____
        RUDOLPH V. DE GEORGE, II, ESQUIRE
        Attorney for Defendant
        Attorney I.D. No. 50402
        103 Township Line Road
        Jenkintown, PA  19046
        (215) 663-0400

## **VERIFICATION**

RUDOLPH V. DE GEORGE, II, ESQUIRE, states that he is the attorney for the Defendant herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

---

RUDOLPH V. DE GEORGE, II, ESQUIRE
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | <u>JURY</u> <u>TRIAL</u> <u>DEMANDED</u> |

## CERTIFICATION OF SERVICE

RUDOLPH V. DE GEORGE, II, ESQUIRE, counsel for Defendant, deposes and says that on February ____, 2003, a copy of the foregoing Motion for Summary Judgment was sent by first class mail, postage prepaid, to:

>Allan C. Molotsky, Esquire
>POST & SCHELL
>1800 John F. Kennedy Boulevard
>Philadelphia, PA  19103-7480

>Timothy Burdette, Esquire
>ANSTANDIG, MCDYER, BURDETTE & YURCON
>Gulf Tower Suite 1300
>707 Grant Street
>Pittsburgh, PA  15219-1911

                        STAMPONE, D'ANGELO & RENZI, P.C.

                        BY:_____
                              RUDOLPH V. DE GEORGE, II, ESQUIRE
                              Attorney for Defendant