IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| CHRISTOPHER J. COSMOS, and OLD GUARD INSURANCE COMPANY, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## ORDER

AND NOW, on this          day of                    , 2003, it is hereby ORDERED AND DECREED that Plaintiff, Blue Ridge Insurance Company's, Motion for Summary Judgment is DENIED.

BY THE COURT:

_____
                                                                                                J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | <u>JURY</u> <u>TRIAL</u> <u>DEMANDED</u> |

**<u>DEFENDANT, CHRISTOPHER J. COSMAS (INCORRECTLY IDENTIFIED AS CHRISTOPHER J. COSMOS), RESPONSE TO PLAINTIFF, BLUE RIDGE INSURANCE COMPANY'S, MOTION FOR SUMMARY JUDGMENT</u>**

AND NOW comes the Defendant, Christopher J. Cosmas (incorrectly identified as Christopher J. Cosmos), hereinafter "Cosmas", by his attorneys, Stampone, D'Angelo & Renzi, P.C., and, in response to Plaintiff, Blue Ridge Insurance Company's (hereinafter "Blue Ridge") Motion for Summary Judgment, avers as follows:

1-5. Admitted.

6. Admitted in part, denied in part. It is admitted that Cosmas was occupying a vehicle that was not insured under the Blue Ridge policy at the time of the accident. However, it is specifically denied that Cosmas is not a named insured under the policy. Rather, at all times relevant thereto, Cosmas meets the definition of an "insured" as stated in the Business Auto Coverage Form, and Amendment to Section IV – Business Auto Conditions of the Policy.

7. Denied. It is specifically denied that Cosmas is not an insured under the policy and has no standing to present a UIM claim to Blue Ridge. Rather, at all times relevant thereto, since Cosmas is an "insured" under the policy, Cosmas is entitled to present a UIM claim under the policy.

8.  Admitted.

9.  Admitted in part, denied in part. It is admitted that since Defendant Cosmas cannot be a family member of the corporate insureds, he can only claim the status of an "insured" if he comes within the Blue Ridge policy's definition of "you". It is further admitted that the "Business Auto Coverage Form" defines "you" as follows: "Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refers to the Company providing this insurance." However, it is specifically denied that the definition of "you" in the "Business Auto Coverage Form" is the applicable definition of "you" to determine the status of "insured" on the policy. Rather, at all times relevant thereto, the definition of "you" was expanded in the Amendment to Section IV to include an individual, partner or executive officer of a corporation.

10. Denied. It is specifically denied that Cosmas does not come within the Blue Ridge policy's definition of an insured. It is further denied that his UIM claim would be excluded under the policy language as stated in Paragraph 8 of Blue Ridge's Motion for Summary Judgment, since Cosmas owned the motorcycle which he was occupying at the time of the subject accident, which was not a covered auto under the Blue Ridge policy. Rather, at all times relevant thereto, Cosmas meets the definition of an "insured" as defined by the policy. By way of further answer, Cosmas' UIM claim is permitted, since the exclusion is stated in Paragraph 8 of Blue Ridge's Motion for Summary Judgment is void and unenforceable as against public policy.

11. Admitted in part, denied in part. It is admitted that the non-owned vehicle exclusion has been upheld in the context of UIM claims. However, it is specifically denied that the exclusion has been upheld in the context of UIM claims similar to this case. Rather, at all

times relevant thereto, the enforceability of the exclusion is dependent upon the factual circumstances of each case. In the present case, the factual circumstances differ from <u>Colbert</u> and <u>Burstein</u>, and dictate that the exclusion in the Blue Ridge policy is void and unenforceable as against public policy.

    12.    Denied. It is specifically denied that there is no genuine issue of material fact and that Cosmas is not an insured under the UIM coverage of the Blue Ridge policy issued to P&C Foods, Inc., and American Seafood & Meat Company, Inc. Rather, at all times relevant thereto, there is a genuine issue of material fact as to whether Cosmas is an insured under the UIM coverage of the Blue Ridge policy, and whether the exclusion is void and unenforceable as against public policy.

    WHEREFORE, Defendant, Christopher J. Cosmas, respectfully requests that Plaintiff's Motion for Summary Judgment be DENIED.

    Respectfully submitted,

    STAMPONE, D'ANGELO & RENZI, P.C.

BY:_____
    RUDOLPH V. DE GEORGE, II, ESQUIRE
    Attorney for Defendant
    Attorney I.D. No. 50402
    103 Township Line Road
    Jenkintown, PA  19046
    (215) 663-0400

## **VERIFICATION**

RUDOLPH V. DE GEORGE, II, ESQUIRE, states that he is the attorney for the Defendant herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

 

_____
RUDOLPH V. DE GEORGE, II, ESQUIRE
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE RIDGE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-4723 |
| | : | |
| CHRISTOPHER J. COSMOS, | : | |
| and OLD GUARD INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | <u>JURY</u> <u>TRIAL</u> <u>DEMANDED</u> |

## CERTIFICATION OF SERVICE

RUDOLPH V. DE GEORGE, II, ESQUIRE, counsel for Defendant, deposes and says that on February ____, 2003, a copy of the foregoing Motion for Summary Judgment was sent by first class mail, postage prepaid, to:

    Allan C. Molotsky, Esquire
    POST & SCHELL
    1800 John F. Kennedy Boulevard
    Philadelphia, PA  19103-7480

    Timothy Burdette, Esquire
    ANSTANDIG, MCDYER, BURDETTE & YURCON
    Gulf Tower Suite 1300
    707 Grant Street
    Pittsburgh, PA  15219-1911

                                            STAMPONE, D'ANGELO & RENZI, P.C.

                                            BY:_____
                                                RUDOLPH V. DE GEORGE, II, ESQUIRE
                                                Attorney for Defendant